UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Bob Gruen, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CBS Interactive, Inc., a Delaware corporation, Paramount Global, a Delaware corporation; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>3. VIOLATION OF DMCA 17 U.S.C. § 1202<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Bob Gruen, ("Gruen") by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

### JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

### PARTIES

4. Plaintiff Gruen is an individual residing in New York.

5. On information and belief, Gruen alleges that Defendant CBS Interactive, Inc. ("CBS") is a Delaware corporation doing business in and with this District, including through its offices at 28 East 28th Street, New York, New York, 10016.

1

COMPLAINT

6. On information and belief, Gruen alleges that Defendant Paramount Global, Inc.. ("Paramount") is a Delaware corporation doing business in and with this District, including through its offices at 1515 Broadway, New York, New York, 100366.

7. On information and belief, Gruen alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Gruen's copyrights, have contributed to the infringement of Gruen's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOES 1 through 10, inclusive, are presently unknown to Gruen, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. On information and belief, Gruen alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Gruen's rights and the damages to Gruen proximately caused thereby.

9. Defendants, and each of them, have copied photography for which Gruen holds the copyrights, including, without limitation, that set forth herein.

**CLAIMS RELATED TO THE SUBJECT PHOTOGRAPHS**

10. Gruen is a renowned professional photographer who worked as the primary photographers for the rock music scene of the 1970s and who has photographed myriad famed musicians including John Lennon, Elvis, Madonna, Bob Dylan, Tina Turner, and such acclaimed bands as Led Zeppelin, The Who, and Aerosmith.

11. Gruen created and owns the original photograph of celebrity musician Sid Vicious depicted below (the "Subject Photograph"). Gruen is the sole owner of all rights, title, and interest in the Subject Photograph.

| Subject Photograph |
|---|
|  |

12. Gruen has registered the Subject Photograph with the United States Copyright Office and owns a registration certificate confirming same.

13. As depicted above, Gruen widely publicly displayed the Subject Photograph with identifying information and other copyright management information including a copyright notice stating "(c) Bob Gruen / www.bobgruen.com Please contact Bob Gruen's studio to purchase a print of license this photo. Email: info@bobgruen.com."

14. On information and belief, Gruen alleges that Defendants, and each of them, used the Subject Photograph for commercial purposes including, without limitation, by posting the

3

COMPLAINT

Subject Photograph online at the website "www.cbsnews.com", which is owned and operated by CBS and Paramount, an exemplar of which is depicted below (the "Infringing Use").

**Infringing Use**



15. As depicted above, CBS and Paramount displayed the Infringing Use without Gruen's identifying information and instead with a caption falsely crediting the photograph to "AP Photo / File."

16. At no point did CBS or Paramount ever receive authorization, consent, or a license from Gruen for its exploitation of the Subject Photograph.

17. On April 27, 2022, Gruen sent a letter to Defendants, notifying them that its usage of the Subject Photograph constituted infringement of Gruen's copyrights. Defendants failed to reasonably resolve the matter, requiring this action.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement - Against All Defendants, and Each)

18.     Gruen repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

19.     Gruen alleges on information and belief that Defendants, and each of them, accessed the Subject Photograph by, without limitation, viewing the Subject Photograph on Gruen's website or social media profiles, on other sites online, or in Gruen's numerous online profiles. Access is further evidenced by the Subject Photograph's exact reproduction in the Infringing Use.

20.     On information and belief, Gruen alleges that Defendants, and each of them, infringed Gruen's copyrights in the Subject Photograph by, without limitation, copying, reproducing, publishing, and displaying the Subject Photograph in the Infringing Use for commercial benefit to the public as set forth above, without Gruen's authorization or consent.

21.     On information and belief, Gruen alleges that Defendants, and each of them, infringed Gruen's copyrights by creating infringing derivative works from the Subject Photograph. Including by editing and cropping same and publishing same to the public.

22.     Due to Defendants', and each of their, acts of infringement, Gruen has suffered general and special damages in an amount to be established at trial.

23.     Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Gruen's rights in the Subject Photograph. As such, Gruen is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photograph in an amount to be established at trial.

24.     On information and belief, Gruen alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and

malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)**

25. Gruen repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

26. On information and belief, Gruen alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing and displaying photographs that Defendants knew, or should have known, were not authorized to be published by Defendants; publishing the Infringing Use on affiliate, third-party, and social media sites; and distributing the Infringing Uses to third-parties for further publication.

27. On information and belief, Gruen alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, had the ability to oversee the development, publication, and distribution of the infringing imagery at issue. Defendants, and each of them, also realized profits through their respective obtainment, distribution, and publication of the Infringing Use.

28. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Gruen has suffered general and special damages in an amount to be established at trial.

29. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Gruen's rights in the Subject Photograph. As such, Gruen is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photograph, in an amount to be established at trial.

30. On information and belief, Gruen alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## THIRD CLAIM FOR RELIEF

### (For Violations of 17 U.S.C. §1202 – Against all Defendants, and Each)

31. Gruen repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

32. Gruen's photography was routinely published with copyright management information ("CMI"), as that phrase is used in 17 USC § 1202. Gruen's CMI included, without limitation, his name, copyright notice, metadata, and other indicia of authorship and attribution information as depicted above.

33. On information and belief, Gruen alleges that Defendants, and each of them, intentionally removed Gruen's CMI in violation of 17 USC § 1202(b) before copying, reproducing, distributing, and displaying the Subject Photograph on Defendant's website and profiles.

34. On information and belief, Gruen alleges that Defendants, and each of them, did distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority

of Gruen or the law, knowing, or, with respect to civil remedies under 17 USC § 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

35. On information and belief, Gruen alleges that Defendants, and each of them, in violation of 17 USC § 1202(a), knowingly and with the intent to induce, enable, facilitate, or conceal infringement provided false copyright management information when they added their own logos and author names, bylines, and attribution to the Subject Photograph within the Infringing Use.

36. On information and belief, Gruen alleges that Defendants, and each of them knew that they were providing false copyright management information to their copies of the Subject Photograph and distributing copyright management information that was false at the time it distributed its unauthorized copies of the Subject Photograph.

37. Due to Defendants acts of infringement, as alleged herein, Gruen has suffered and will seek to recover general and special damages in an amount to be established at trial, and/or statutory damages and attorneys' fees as provided in 17 USC § 1203.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

**Against All Defendants, and Each and With Respect to Each Claim for Relief:**

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Gruen's copyrights its photography, including without limitation the Subject Photograph, including through, without limitation, an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, Gruen's photography, including without limitation the Subject Photograph, from any print, web, or other publication owned, operated, or controlled by any Defendant;

b. That Gruen be awarded all profits of Defendants, and each of them, plus all losses of Gruen, plus any other monetary advantage gained by the Defendants through their

infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. § 504, and other applicable law;

    c.    That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Gruen's intellectual property rights;

    d.    That Gruen be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. § 101 et seq.;

    e.    That Gruen be awarded its costs and fees under the statutes set forth above;

    f.    That Gruen be awarded statutory damages and/or penalties under the statutes set forth above, to the extent they are available;

    g.    That Gruen be awarded pre-judgment interest as allowed by law;

    h.    That Gruen be awarded the costs of this action; and

    i.    That Gruen be awarded such further legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: March 26, 2025    By:    */s/ David M.S. Jenkins*
Scott Alan Burroughs, Esq.
David Michael Stuart Jenkins, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
*Attorneys for Plaintiff*

9

COMPLAINT